**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**GUSTAVO GONIMA,**

      **Plaintiff,**

**v.**	      **Case No. 8:05-cv-512-T-TBM**

**MANATEE COUNTY
SCHOOL BOARD,**

      **Defendant.**
                                   /

**O R D E R**

THIS CAUSE is before the court on **Defendant's Motion for Reconsideration** (Doc. 95). Plaintiff's response is not yet due, but a responsive pleading is unnecessary for the court's ruling on the instant motion.

Following a jury trial and verdict in Defendant's favor, the court directed the entry of Judgment (Doc. 94) for the Defendant. By its motion, Defendant seeks reconsideration of the portion of the Judgment that states, "Each party shall bear his or its own fees and costs." *Id.* In particular, Defendant argues that as the prevailing party, it is entitled to an award of costs pursuant to 28 U.S.C. § 1920 and Rule 54(d)(1) of the Federal Rules of Civil Procedure, which provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). This provision establishes a presumption that costs are to be awarded to the prevailing party. *Chapman v. AI Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000). While the district court has the discretion not

to award the full amount of costs incurred by the prevailing party, its discretion is not unfettered, and the court "must have and state a sound basis for doing so." *Id.* at 1039.

This court fully recognizes that as a general rule, the prevailing party should receive certain costs pursuant to Rule 54. However, this court also recognizes that in certain civil litigation, especially in cases such as this one involving civil rights, the automatic award of costs can often work an unjust result. Notwithstanding the jury verdict in Defendant's favor, Plaintiff presented the testimony of several witnesses in support of his claim that he was subjected to workplace harassment based on his national origin, even if it did not rise to the level of discrimination. Even though he did not prevail, Plaintiff's suit is likely to have a salutary effect on the Defendant's operation within its transportation department. Under the circumstances of this case, I conclude that an award of costs would be unfair.[1] In any event, the decision that each party must bear its own fees and costs was a considered judgment and deemed by the court to be the fair and appropriate disposition in the circumstances of this case.

Accordingly, it is **ORDERED** that **Defendant's Motion for Reconsideration** (Doc. 95) is **DENIED**.

**Done and Ordered** in Tampa, Florida, this 25th day of February 2008.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to: Counsel of Record

---

[1] Stated otherwise, in the court's view, an award of fees to the Defendant would merely heap insult upon injury and this is especially so in light of the parties' disparate financial status. *Cf. Chapman*, 229 F.3d at 1039.

2